DOWNEY, Judge.
When the marriage between appellant Jack Corbitt and appellee Frances Burkette was dissolved the final judgment of dissolution incorporated a property settlement agreement in which the parties agreed to sell the marital home within one year and divide the proceeds. Appellant refused to honor his agreement or the final judgment and appellee sought enforcement of the final judgment. On the date set by the court for sale of the property appellee failed to show up (though her lawyer appeared), and the appellant bid the property in for $900. The testimony fixed the value of the unencumbered property at between $45,000 and $65,000.
Appellee moved to set the sale aside on the grounds that the sales price was inadequate and that fear of her husband prevented her appearance at the sale to protect her interests. Based upon the evidence adduced at a hearing on appellee’s motion, the trial court entered an order vacating the sale. That order is the subject of this appeal.
There is substantial competent evidence in the record to support a finding that the *515 sales price was grossly inadequate and that appellee’s failure to appear and bid on the property resulted from appellant’s threats of violence. It appears appellant has been living in the home for the past three years rent free and from the inception did not want the home sold. During the marriage appellant had beaten appellee on several occasions; he had beaten the appellee’s new husband, Burkette, on two occasions; he had entered the Burkettes’ home to take possession of some of his belongings and threatened to kill them if they interfered with him; and he admitted stating that he would do serious bodily harm to Burkette if Burkette didn’t leave him alone. In addition one of Burkette’s golfing friends advised Burkette that appellant told the friend to tell Burkette he would never enjoy the money from the sale of the home and that Corbitt would kill Burkette. This threat was passed on to appellee prior to the sale date. Although appellee was prepared to bid the house in at sale, she and Burkette testified they were afraid appellant would carry out his threats if they attended the sale.
There were conflicts in the evidence and inferences could have been drawn in favor of appellant. However, the trial judge observed the witnesses and he obviously concluded that the truth and justice of the case favored appellee. The record supports that conclusion.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
MOORE and HERSEY, JJ., concur.